**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| Annalisa Camarena, a single woman and Amy English, a single woman;<br><br>Plaintiffs,<br><br>vs.<br><br>Guardian Investigations and Document Services, Inc., an Arizona Corporation; and Raymond Vernon<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs allege:

## NATURE OF THE CASE

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

Complaint and Demand for Jury Trial                                                                                                   Page 1

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the overtime provision of the FLSA found at §207(a).

4. For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. For at least two (2) years prior to the filing of this action, Plaintiff Camarena worked at least forty-five (45) to sixty (60) hours per week and was not paid time and a half for the hours worked above 40.

6. For at least five (5) years prior to the filing of this action, Plaintiff English worked between forty-five (45) and sixty (60) hours per week and was not paid time and a half for the hours worked above 40.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

8. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the

events or omissions giving rise to the claims occurred in this District.

9. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

10. At all times material hereto, Plaintiff Camarena was and continues to be a resident of Maricopa County, Arizona.

11. At all times material hereto, Plaintiff English was and continues to be a resident of Maricopa County, Arizona.

12. Defendant Guardian Investigations and Document Services, Inc. is incorporated in the State of Arizona with its principle place of business at 115 West McDowell Road, Suite 4B, Phoenix, AZ 85003.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Raymond Vernon was and is the owner of Guardian Investigations and Document Services, Inc.

14. Upon information and belief, at all times material hereto, Defendants Vernon were and are residents of Maricopa County, Arizona.

15. At all relevant times, Plaintiff was an "employee" of Guardian Investigations and Document Services, Inc., as defined by 29 U.S.C. §203(e)(1).

16. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA

apply to Guardian Investigations and Document Services, Inc.

17. At all relevant times, Guardian Investigations and Document Services, Inc., was and continues to be an employer as defined in 29 U.S.C. § 203(d).

18. On information and belief, Raymond Vernon is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Defendant Guardian Investigations and Document Services, Inc. for all matters.

19. At all times material to this action, Guardian Investigations and Document Services, Inc., was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

20. Upon information and belief, at all relevant times, the annual gross revenue of Guardian Investigations and Document Services, Inc., exceeded $500,000.00.

**FACTUAL BACKGROUND**

21. Guardian Investigations and Document Services, Inc. specializes in pre-employment screening and information services for their clients.

22. Plaintiff Camarena was hired by Defendants in May 16, 2011 as a non-exempt hourly paid researcher.

23. Plaintiff Camarena's job responsibilities were to perform background checks and research, compile reports, and pick up documents from the various valley courthouses and returned results to clients via telephonic and electronic interaction.

24. Plaintiff Camarena never used a vehicle weighing over 10,000 pounds.

25. Plaintiff Camarena did not use a vehicle that seated more than eight people.

26. Plaintiff Camarena was paid a rate of $9.00 per hour initially. She received raises during her time for stellar employment and her final pay rate was $12.00 per hour.

27. Plaintiff Camarena was a non-exempt employee.

28. Plaintiff Camarena was not a manager.

29. Plaintiff Camarena did not exercise discretion and independent judgment with respect to matters of significance.

30. Plaintiff English was hired by Defendants in July of 2007 a non-exempt, hourly paid researcher.

31. Plaintiff English's job responsibilities included performing background checks and research, compile reports, and pick up documents from the various valley courthouses and returned results to clients via telephonic and electronic interaction.

32. Plaintiff English never used a vehicle weighing over 10,000 pounds.

33. Plaintiff English did not use a vehicle that seated more than eight people.

34. Plaintiff was paid a rate of $17.00 per hour.

35. Plaintiff English was a non-exempt employee.

36. Plaintiff English was not a manager.

37. Plaintiff English did not exercise discretion and independent judgment with respect to matters of significance.

38. From at least July 2010 through the present, Defendants failed to properly compensate Plaintiffs for their overtime hours.

39. Defendants would compensate Plaintiffs at their regularly hourly rate for all hours worked above 40. Defendants would not pay time and one-half.

40. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were/was willful.

41. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

42. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT §207

43. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

44. While employed by Defendant, Plaintiffs consistently and regularly worked overtime each week.

45. Defendants have intentionally failed and/or refused to pay Plaintiffs overtime according to the provisions of the FLSA.

46. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with §207 of the FLSA.

47. Under 29 U.S.C. §216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

48. In addition to the amount of unpaid wages owed to Plaintiffs, Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

49. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

50. Defendants have not made a good faith effort to comply with the FLSA.

51. Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiffs overtime compensation in the amount due to them for all of their time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs' regular rate while at work for Defendants;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    d. For Plaintiffs' costs incurred in this action;

    e. Awarding Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiffs' post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper

## COUNT TWO
## DECLARTORY JUDGMENT

52. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

53. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

54. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§2201-2202.

55. Plaintiffs may obtain declaratory relief.

56. Defendant employed Plaintiffs.

57. Defendant is an enterprise covered by the FLSA.

58. Plaintiffs are each individually covered by the FLSA.

59. Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. §207 at a rate of one and one-half times their normal hourly rate.

60. Defendants did not compensate Plaintiffs for hours worked over 40 in one work week at a rate of one and one-half times their normal hourly rate.

61. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

62. Plaintiffs are entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

63. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

64. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

65. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

   b. For Plaintiff's costs incurred in this action.

   c. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   d. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees hereby request that upon trial of this

action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: July 25, 2013

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

  /s/ Trey Dayes
Trey Dayes
treyd@phillipsdayeslaw.com
Attorney for Plaintiffs